UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TAIYA  SHEVELEV, YAKOV  RYABOV, B.R. a minor, through his legal guardians, and S.R. a minor, through his legal guardians, <br><br>Plaintiffs, <br><br>vs. <br><br>FRACTIONAL VILLAS, INC., *et al.*, <br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)         No. 2:14-cv-00189-LJM-WGH |

**ORDER ON MOTION TO SEAL CASE OR, IN THE ALTERNATIVE,
TO SEAL MOTION TO STAY PROCEEDINGS PENDING ARBITRATION**

Before the Court is Defendants' Fractional Villas, Inc., d/b/a the Vivos Group; Robert Vicino, Steve Wallner and Barbara Vicino (collectively, "Defendants"), Motion to Seal Case or, in the Alternative, to Seal Motion to Stay Pending Arbitration ("Motion to Seal"). Dkt. No. 22. Plaintiffs Taiya Shevelev, Yakov Ryabov and B.R. and S.R., minors, through their legal guardians (collectively, "Plaintiffs") oppose the Motion to Seal to the extent it seeks to seal the entirety of the case. Dkt. No. 40. On August 26, 2014, the Court held a hearing at which arguments were heard.

For the reasons stated herein, the Court **DENIES** the Motion to Seal the entire case; and **GRANTS** the alternative Motion to Seal the Motion to Stay Pending Arbitration.

**I. DISCUSSION**

Defendants contend that the context of this case, an arrangement that provides for a survival shelter in case of a large-scale catastrophe, justifies sealing the entire record. Such a conclusion, Defendants argue, is further supported by the fact that the relevant

contractual agreements between the parties contain both a confidentiality provision and an arbitration provision.  The arbitration provision alone, Defendants assert, has justified sealing a case in this district.  *See Walker v. Gore*, No. 1:08- v-0549-DFH-WTL, 2008 WL 4649091 (Oct. 20, 2008).  Defendants point to at least three paragraphs of the Complaint to support their belief that the safety of the members of the shelter are in danger of having their investment made worthless by disclosure of the exact location and capabilities of the facility.

Plaintiffs argue that they can agree that certain agreements between the parties and certain information might be confidential, however, Defendants have publicly disclosed much of the allegedly confidential information themselves on the internet in search of other investors.  Plaintiffs also contend that the arbitration and confidentiality provisions of the agreements Defendants rely upon should be voided.  Plaintiffs further take issue with Defendants' failure to provide basic corporate information to them as required by Indiana law and claim that this failure should preclude them from obtaining any equitable relief.  In addition, Plaintiffs assert that Defendants' request is not narrowly tailored to protect legitimately confidential information.  Dkt. No. 40 at 4-5 (citing *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013)).

The parties largely agree on the standard for sealing any portion of the record.  "In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault), is entitled to be kept secret . . . ."  *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F3d 544, 546 (7th Cir. 2002).  The Seventh Circuit "does not look favorably on indiscriminate, reflexive motions to seal the .

. . record, but narrow specific requests will be granted when based on articulated, reasonable concerns for confidentiality." *KLM Enters.*, 725 F.3d at 734 (citing *Baxter Int'l*, 297 F.3d at 546-47)).  The question often turns on whether or not "the materials . . . form the basis of the parties' dispute and the district court's resolution." *Id.* (quoting *Baxter Int'l*, 297 F.3d at 547)).  The Court concludes that Defendants have failed to justify sealing the entirety of this case.  Defendants' reliance on *Walker* to justify such relief is misplaced.  The relief sought in that case was sealing of the Complaint, several contracts filed with the Complaint and the parties' responses to the court's order to show cause.  *Walker*, 2008 WL 4649091, at *1 & *3.  It is obvious from the fact that the *Walker* order is available on Westlaw that the entire case has not been sealed.  In fact, the cited order in *Walker* unsealed the parties' responses to its order to show cause.  *Id.* at *3.

Furthermore, Defendants failed to articulate a reasons why a more narrowly-tailored approach is unacceptable.  Like the contracts at issue in *Walker*, at least one of the contracts at issue in this case has an arbitration provision, which weighs in favor of keeping some materials confidential until the Court decides whether or not the arbitration provision should be enforced.  However, as Plaintiffs suggest, much of the material Defendants argue is confidential, including the name of the corporation that bought the property in Indiana, is already in the public domain through the internet.  A very simple search through Google using the terms "catastrophic shelter Indiana" immediately revealed a website for "Vivos," and at least two links to YouTube videos dated December 9, 2011, and May 22, 2010, "Uploaded by TerraVivos," in which Robert Vacino takes the viewer on a tour of the shelter in Indiana.  The "Vivos" link allows the searcher to discover more details about the shelter in Indiana, including pricing, and has a link to a video.  *See*

Vivos, http://www.terravivos.com/secure/indiana.htm, last visited Aug. 27, 2014.  In light of this publicly available information, the Court cannot conclude that Defendants have articulated a reasonable concern that all of the information in the Complaint or the other documents that have been filed in this case is confidential.

At the hearing, Defendants were successful in articulating specific portions of the Complaint as well as the contracts between the parties that should remain out of the public domain pending resolution of, at least, Defendants' Motion to Stay.  There is some information in the Complaint about the location of the shelter that is not readily apparent from viewing the publicly available sites that the Court readily accessed, which is information that the parties agreed to keep confidential.  For this reason, the Court will seal the Complaint at this time; however, Defendants and Plaintiffs shall meet and confer and either agree on a redacted version of the Complaint to file, or Defendants shall a file a fully supported Motion to Maintain Complaint Under Seal, on or before September 12, 2014.

With respect to the alternative Motion to Seal the Motion to Stay, the Court also concludes that information contained in the Motion to Stay is not readily apparent from easily accessible public information and was intended to be kept confidential by the parties.  Therefore, the alternative motion is **GRANTED** as to the Brief as well as the Exhibits thereto; however, to the extent Defendants seek to maintain under seal their Motion to Seal and supporting brief, the Court cannot agree that Defendants have shown that the information contained therein is confidential.  Therefore, that part of their Motion to Seal is **DENIED** as well as the more formal motion requesting such found at Docket No. 27.

## II. **CONCLUSION**

For the reasons stated herein, the Court **GRANTS in part and DENIES in part** Defendants' Fractional Villas, Inc., d/b/a the Vivos Group; Robert Vicino, Steve Wallner and Barbara Vicino, Motion to Seal Case or, in the Alternative, to Seal Motion to Stay Pending Arbitration ("Motion to Seal").  Dkt. No. 22.  The Clerk of the Court is **ORDERED to do the following**: **SEAL** the Complaint, Dkt. No. 1; **MAINTAIN THE SEAL** on the Motion to Stay and its exhibits, Dkt. No. 23; **UNSEAL** the Motion to Seal, Dkt. No. 22, and its exhibits.  The parties shall have until September 12, 2014, to agree on a redacted Complaint or Defendants shall file a fully supported Motion to Maintain Complaint Under Seal.

IT IS SO ORDERED this 27th day of August, 2014.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Guy A. Relford
LAW OFFICE OF GUY A. RELFORD
guy@relfordlaw.com

Vincent Thomas Borst
ROBBINS SALOMON PATT LTD
vborst@rsplaw.com

Thomas P. Yardley
ROBBINS, SALOMON & PATT, LTC.
tyardley@rsplaw.com